**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JOSE ULLOA**, *on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**TAKUMI STAMPING, INC.**,<br><br>Defendant. | CASE NO.: 1:26-cv-00042<br><br>JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jose Ulloa ("Plaintiff") brings this Complaint against Takumi Stamping, Inc. ("Defendant"), and alleges the following:

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a) to recover unpaid minimum and overtime wages owed to Plaintiff employed by Defendants; (b) for unpaid wages and liquidated damages pursuant to the OPPA; (c) for compensatory and punitive damages pursuant to R.C. 2307.60; and (d) for unjust enrichment.

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. Defendant violated federal and state law by failing to pay Plaintiff for all hours worked, including time and one-half for all of her hours worked over forty (40) each workweek.

**PARTIES**

7. Takumi Stamping, Inc. is a manufacturer and distributor of small stamped steel components and assemblies. *See* https://www.takumistamping.com/ (last visited Jan. 7, 2026).

8. Takumi Stamping, Inc. maintains its manufacturing facility at 8585 Seward Road, Fairfield, Ohio 45011.

9. Plaintiff is a resident of the State of OH.

10. Upon information and belief, Defendant is a Texas corporation with its principal place of business located at 1 Lone Star Pass building 40, San Antonio, TX 78264.

11. Based upon the Ohio Secretary of State's records, Defendant can be served through its agent, Taft Service Solutions Corp., 301 East Fourth Street, Suite 2800, Cincinnati OH 45202.

12. Plaintiff was employed with Defendants from April 11, 2024, through August 8, 2025.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. Venue is proper in the Southern District of Ohio because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Defendants own and operate the business located at 8585 Seward Road, Fairfield, Ohio 45011.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

## COVERAGE

16. At all material times during the last two years, Defendants were an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17. At all material times during the last three years, Defendants were an "employer" as defined by 29 U.S.C. § 203(d), R.C. 4111, and R.C. 4113.15.

18. At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all material times during the last two years, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

a. Engaged in commerce; or

b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

20. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, OWMFSA, and OPPA.

21. Defendants were, and continue to be, an "employer" within the meaning of the FLSA, OWMFSA, and OPPA.

22. At all relevant times, Defendants had two (2) or more employees handling, operating, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendant's commercial activity.

23. At all relevant times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of her handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

24. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants' company.

25. At all relevant times, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

26. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

27. Defendant is and was an "employer" of Plaintiff and those similarly situated to him under the FLSA and OPPA.

28. Plaintiff, and those similarly situated to him, is employed by Defendant as an hourly, non-exempt "employee" of Defendant as defined by the FLSA and OPPA.

29. Defendant paid Plaintiff and those similarly situated to him an hourly rate.

30. Defendant is required to track all hours worked by its hourly employees.

31. Defendant utilizes an electronic timekeeping system to track hours for all hourly employees.

32. This timekeeping system tracks the exact time that these employees clock in and out down to the second.

33. Defendant could and should pay its employees for all hours worked utilizing this exact data.

34. Instead, Defendant rounded its hourly employees time to each employee's scheduled start and end times.

35. For example, if Plaintiff clocked in seven minutes prior to his scheduled start time, Defendant would round Plaintiff's clock-in time up to his scheduled start time.

36. Likewise, if Plaintiff clocked out seven minutes after his scheduled end time, Defendant would round Plaintiff's clock-out time down to his scheduled end time.

37. As a result of Defendant's policy and procedures, Defendant failed to pay rounded time at all to Plaintiff and those similarly situated.

38. Defendant's policy of rounding time denied pay to Plaintiff and others similarly situated for which they should have been compensated.

39. Upon information and belief, Defendants had/have a company-wide policy of penalizing employees that clocked in late or clocked out early.

40. The overall effect of the rounding and clock in/out policies is that the company benefitted from the rounding policy almost all of the time, whereas Plaintiff and other similarly situated employees rarely benefitted from the rounding policy, if ever.

41. As a matter of workplace reality, employees typically clock in a few minutes before the scheduled start to their shift and/or clock out a few minutes after the scheduled end of their shift, or otherwise clock in and/or out in a way that disproportionally benefits Defendant.

42. Aside from occasional variance, Plaintiff consistently clocked in a few minutes prior to the start of his scheduled shift.

43. Plaintiff utilized this time to prepare his workstation, gather materials he would need to complete his work, and/or determine where he was working that day.

44. Plaintiff engaged in compensable time between the time he clocked in for his shifts and the scheduled start of his shift.

45. Likewise, Plaintiff also consistently clocked out shortly after the end of his scheduled shift, save for occasional variance.

46. Plaintiff utilized this time to complete the final job of the day, surrender any paperwork that the Company needed from him each day, and otherwise wrap up the productive tasks applicable to his job.

47. Plaintiff engaged in compensable time between the scheduled end of his shift and the time he clocked out for the day.

48. Plaintiff's utilization of the rounded away time was not unique to him, and was common to others that were similarly situated to him.

49. At all relevant times, Defendant improperly failed to pay Plaintiff and those similarly situated to him for all hours worked.

50. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay its hourly employees for all hours worked and/or overtime wages earned, in violation of the FLSA.

51. As a result, Plaintiff, and those similarly situated, were/are deprived of wages and other damages due to them under the FLSA.

52. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of rounding away the time of Plaintiff and those similarly situated to him.

53. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

54. Defendants have acted willfully in failing to pay Plaintiff and others similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

> **All past and current nonexempt employees of Defendant who worked in Ohio and utilized an electronic time system to track their hours ("Collective Members").**

56. At present, the relevant period includes the three-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present. The collective defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

57. Plaintiff and the Collective Members performed the same or similar job duties as one another in that they performed various production duties performed in Defendant's production facility.

58. Plaintiffs and the Collective Members were all hired by Defendant to perform hourly work in Defendant's production facility.

59. Defendant was an "employer" of the class members under the FLSA.

60. Plaintiff and those similarly situated to him were "employees" of Defendant as defined by the FLSA and OPPA.

61. Plaintiff and the Collective Members were all paid an hourly rate in exchange for

the work performed.

62. Plaintiff and the Collective Members worked similar hours.

63. Defendant failed to pay Plaintiff and the Collective Members for all hours worked.

64. Further, Defendant failed to pay Plaintiff and the Collective Members all overtime wages owed.

65. Plaintiff and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated for time that Defendant unlawfully rounded away their time.

66. Defendant's failure to compensate Plaintiff and the Collective Members for all hours worked, as required by the FLSA, results from a policy or practice wherein Defendant unlawfully rounded away the time of Plaintiff and the Collective Members, and thus failed to pay Plaintiff and the Collective Members for all hours worked, and overtime wages owed, and is applicable to all putative Collective Members herein.

67. These policies or practices were applicable to Plaintiff and the Collective Members.

68. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiff applies to all Collective Members.

69. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members all hours worked, and overtime wages owed.

70. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

71. Defendant did not have any good faith basis for its failure to pay Plaintiff and the

Collective Members for all hours worked.

72. Defendant has acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## CLASS ACTION ALLEGATIONS

73. Plaintiffs also bring a claim under the OPPA, arising out of the same facts as alleged above, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

> **All past and current nonexempt employees of Defendant who worked in Ohio and utilized an electronic time system to track their hours ("Class Members").**

74. At present, the relevant period includes the two-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

75. Plaintiff's Ohio state law claims, described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

76. The class numbers in the hundreds of people. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

77. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a. Whether Defendant violated the OPPA by paying Plaintiff and class members less than all "wages earned" when it rounded their clock in / clock out times to the exclusive benefit of Defendant; and

b. Whether Defendant acted in good faith.

78. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

79. Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

80. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

81. Plaintiff is an adequate representative because he is a member of each of the classes he seeks to represent, and his interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced prosecuting complex wage and hour, employment, and class action litigation.

82. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I - UNPAID OVERTIME

83. All of the preceding paragraphs are realleged as if fully stated herein.

84. This claim is brought as part of a collective action by Plaintiff on behalf of himself and the Collective Members.

85. Plaintiff and those similarly situated to him were not exempt from overtime under the FLSA.

86. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

87. During the relevant time period, Plaintiff and the Collective Members worked more than forty hours in one or more workweeks.

88. During the relevant time period, Defendant failed to pay Plaintiff and the Collective Members overtime for hours that they worked in excess of forty hours in a workweek.

89. At all times relevant, Plaintiff and those similarly situated to him were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 207(a).

90. At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

91. As a result of Defendant's unlawful acts, Plaintiff and the Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

92. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this

Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Members.

93. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT II – UNJUST ENRICHMENT**

94. All of the preceding paragraphs are realleged as if fully stated herein.

95. Plaintiff and those similarly situated to him conferred a benefit upon Defendant.

96. Defendant knew it received that benefit.

97. Defendant retained and continues to retain that benefit under circumstances where it would be unjust to do so without rendering payment for that benefit.

98. As a result, Plaintiff and those similarly situated to him should be compensated for the benefit they conferred upon Defendant.

**COUNT III – VIOLATION OF OPPA**

99. All of the preceding paragraphs are realleged as if fully stated herein.

100. This claim is brought as part of a class action by Plaintiff on behalf of himself and the Class Members.

101. During all relevant times, Defendant was an entity covered by the OPPA, and Plaintiff and the Class Members have been employed by Defendant within the meaning of the OPPA.

102. The OPPA requires Defendants to timely pay Plaintiff and the Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

103. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendant has also violated the OPPA.

104. Plaintiff and the Class Members' unpaid wages, including overtime, remained unpaid for more than thirty days beyond the regularly scheduled paydays.

105. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

106. As a result of Defendants' willful violations, Plaintiff and the Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

**COUNT IV – DAMAGES UNDER R.C. § 2307.60**

107. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

108. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

109. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

110. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

111. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

b. Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq*., and the supporting United States Department of Labor regulations;

c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

e. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

f. An injunction requiring Defendant to pay all statutory required wages pursuant to the FLSA and OPPA;

g. Unpaid wages and liquidated damages under the OPPA;

h. Compensatory and punitive damages pursuant to R.C. 2307.60;

i. Pre- and post-judgment interest;

j. Attorneys' fees and costs of this action;

k. A reasonable incentive award for the lead Plaintiff to compensate him for the time he spent attempting to recover wages for Collective Members and Class Members and for the risks he took in doing so; and

a) Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demand a trial by jury on all claims so triable.

Dated: January 15, 2026

*s/J. Corey Asay*
J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
E: casay@hkm.com

*Counsel for Plaintiff*